```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WARREN DURHAM, JR.                  :         CIVIL ACTION
                                    :
          v.                        :
                                    :
DEPARTMENT OF CORRECTIONS,          :
et al.                              :         NO. 03-03803-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                     September 28, 2005

While plaintiff, Warren Durham, Jr., was a prisoner at Graterford, members of a "Commonwealth Emergency Response Team" entered and searched his cell on December 18, 2002.  In the course of their search of plaintiff's cell, two of these officers tore down from the wall two paintings which were prized by plaintiff.  They scoffed at the religious nature of the paintings (portraits of Elijah Mohammad and Reverend Louis Farrakan, painted by a cellmate) and made disparaging comments about the religion of Islam.  The searchers concealed their identities.

Plaintiff promptly complained to the block sergeant, the defendant Jane Irvin, but she was unable or unwilling to identify the culprits.  Plaintiff filed and pursued a grievance, but he was denied a remedy because he was unable to establish the identities of the two team members who had seized the paintings, and because he was unable to establish a monetary value for the missing property (plaintiff claimed merely that they were irreplaceable).

Plaintiff brought this civil rights action, asserting due process and First Amendment violations.  At an earlier stage, I ordered the defendants to provide the names and addresses of the members of the emergency response team who were present on the occasion of plaintiff's loss, but the defendants have provided a reasonable explanation for their inability to comply (dozens of officers from various parts of the Commonwealth participated in the search that day, and all detailed records were lost in a flood at the Department of Corrections office in 2003).

The case is now before me on cross-motions for summary judgment.  I conclude that plaintiff's due process claim must be dismissed, since there was an available state law post-deprivation remedy which plaintiff availed himself of, albeit unsuccessfully.  Plaintiff's First Amendment claims must be denied because none of the named defendants violated those rights, and plaintiff is, unfortunately, unable to identify the culprits.  I note further that, to the extent the First Amendment claim is predicated upon alleged interference with plaintiff's right to free exercise of his religion, his deposition testimony makes clear that the paintings were not central to his religious worship; indeed, their loss had no substantial impact.

Thus, while the search team members acted outrageously, and it is understandable that plaintiff should seek a remedy for

the wrongs done him, none of the defendants named in this case can be held liable.  Defendants' motion for summary judgment will therefore be granted.

    An Order follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WARREN DURHAM, JR.               :        CIVIL ACTION
                                 :
         v.                      :
                                 :
DEPARTMENT OF CORRECTIONS,       :
et al.                           :        NO. 03-03803-JF
```

O R D E R

AND NOW, this 28th day of September 2005, IT IS ORDERED:

    1.   Plaintiff's motion for summary judgment is DENIED.

    2.   Defendants' motion for summary judgment is GRANTED.  This action is DISMISSED with prejudice.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.